

**FILED**

**September 1, 2015**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 10:20 AM**



### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | |
|---|---|
| **SARAH SANDERS,** ) | **Docket No.:  2015-06-0017** |
| **Employee,** ) | |
| **v.** ) | **State File No.: 2292-2015** |
| **REGIS CORP., D/B/A SMARTSTYLE,** ) | |
| **Employer,** ) | **Date of Injury: December 30, 2014** |
| **and** ) | |
| **SEDGWICK,** ) | **Judge Joshua Davis Baker** |
| **Carrier/TPA.** ) | |
| ) | |

## ORDER OF DISMISSAL

THIS CAUSE came before the undersigned Workers' Compensation Judge on August 27, 2015, for a hearing on the Motion to Dismiss filed by Regis Corp., d/b/a Smartstyle (Smartstyle), the employer. The Court conducted the hearing by telephone. Attorney Gary Siciliano represented Smartstyle. The employee, Sarah Sanders, did not participate in the telephonic hearing and did not file a response opposing Smartstyle's motion.

### History of the Claim

Mr. Sanders filed a Petition for Benefit Determination on January 13, 2015, seeking medical benefits for an injury she incurred through a physical altercation with her cousin-in-law that occurred during her shift at Smartstyle. On March 16, 2015, Ms. Sanders filed a Request for Expedited Hearing. Following an in-person hearing, the Court issued an Expedited Hearing Order on May 11, 2015, denying Ms. Sanders' request for medical benefits. In the Order, the Court deemed Ms. Sanders' claim noncompensable, based on the Court's finding that Ms. Sanders' injury did not arise out of her employment due to the purely private nature of the altercation.

**Issue**

Whether the Court should dismiss Ms. Sanders' claim for workers' compensation benefits.

**Discussion**

Rule 0800-02-21-.14(3) (2014) of the Tennessee Compilation Rules and Regulations provides that, where a claim is denied on grounds of compensability following an Expedited Hearing, the employer may file a motion to dismiss the claim. The rule states that the injured employee shall file a response to the employer's dismissal motion within thirty days after its filing and, thereafter, the Court shall set the motion for a hearing. *Id.* Ms. Sanders did not file a response within the designated time period.

Tennessee Code Annotated section 50-6-239(c)(1) (2014) provides that the Tennessee Rules of Civil Procedure govern all procedures before the Court of Workers' Compensation Claims, "unless an alternate procedural . . . rule has been adopted by the administrator." Section 50-6-239(c)(1) (2014) further provides that, "[w]henever the administrator has adopted an alternate procedural . . . rule that conflicts with the Tennessee Rules of Civil Procedure . . . the rule adopted by the administrator shall apply."

Rule .14(3) provides a procedural mechanism for the potential dismissal of a workers' compensation claim which, by definition, is tied to a procedure—an Expedited Hearing—that is unique to the Court of Workers' Compensation Claims. As such, a Rule .14(3) motion is distinct from the dismissal mechanisms (motions to dismiss and for summary judgment) provided for in the Tennessee Rules of Civil Procedure. For that reason, the Court finds that a Rule .14(3) motion to dismiss is an alternate procedure as contemplated by section 50-6-239(c)(1) (2014), and that the determination of a Rule .14(3) motion is not governed by the standards and procedures applied to motions to dismiss or motions for summary judgment under the Tennessee Rules of Civil Procedure.

By definition, a Rule .14(3) motion may be filed only after the Court denies a claim on the grounds of compensability following an Expedited Hearing. Implicit in the finding of noncompensability at the Expedited Hearing is a determination that the evidence introduced at the Expedited Hearing did not establish that the injured worker would likely prevail at a final Compensation Hearing. Tenn. Code Ann. § 50-6-239(d)(1) (2014).

That being the case, Rule .14(3) provides a procedural mechanism by which an employer can force an injured worker to address the evidentiary inadequacies that resulted in the adverse decision at the Expedited Hearing. If, in response to the employer's Rule .14(3) motion, the injured worker does not resolve the evidentiary

inadequacies in his or her claim or articulate a clear and present intent to do so, the consequence is dismissal of the injured worker's claim.

Tennessee Code Annotated section 50-6-239(c)(6) (2014) provides that, "[a]t a hearing the employee shall bear the burden of proving each and every element of the claim[.]" Smartstyle's Rule .14(3) motion brings before the Court the issue of whether Ms. Sanders can carry her burden of proving that her injury arose primarily out of her employment.

At the Expedited Hearing, Ms. Sanders testified that her cousin-in-law entered Smartstyle and began "acting out" by talking about religion, politics, and homosexuality. Ms. Sanders instructed her cousin-in-law to leave the salon. The following day, her cousin-in-law returned, and Ms. Sanders and the cousin-in-law got into a fight just outside the doors of Smartstyle. Walmart's security camera captured the incident. The Court determined Ms. Sanders' claim stemmed from a purely private dispute and deemed her claim noncompensable for that reason. Subsequent to the Court's ruling, Smartstyle filed the Rule .14(3) motion.

The Court heard Ms. Sanders' testimony and, based on the factual scenario presented, the Court finds that she cannot carry her burden of proof at a final Compensation Hearing. Accordingly, the Court finds Smartstyle's motion well-taken and dismisses Ms. Sanders' claim. Rule .14(3) does not mandate whether a dismissal thereunder is with or without prejudice. In light of the foregoing, the Court dismisses Ms. Sanders' claim with prejudice to its refiling.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Sanders claim for benefits under the Workers' Compensation Law is dismissed with prejudice.

2. The Court assesses the $150 filing fee in this claim to Smartstyle and/or its workers' compensation carrier pursuant to Rule 0800-02-21-.07 (2014) of the Tennessee Compilation Rules and Regulations. Smartstyle or its carrier shall promptly remit the filing fee to the Clerk of the Court of Workers' Compensation Claims.

3. **Unless an appeal of is filed with the Workers' Compensation Appeals Board or the Tennessee Supreme Court, this order shall become final in thirty days.**

ISSUED AND FILED WITH THE COURT OF WORKERS' COMPENSATION CLAIMS ON THE 1st DAY OF SEPTEMBER, 2015.

_____
Joshua Davis Baker, Judge
Court of Workers' Compensation Claims

Right to Appeal:

Tennessee Law allows any party who disagrees with this Order of Dismissal to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty days* of the date the Compensation Order was entered by the Workers' Compensation Judge. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(1)(b) (2014).

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for Review. At that time, a

4

docketing notice shall be sent to the parties. Thereafter, the parties have fifteen calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2014).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order of Dismissal was sent to the following recipients by the following methods of service on this the 1st day of September, 2015.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Sarah Sanders, Employee | X | | | 938 33rd Street Nashville, Tennessee 37209 |
| Gerard Siciliano, Employer's attorney | | | X | gms@lutheranderson.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**